# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THOMAS SIKES                                  *
2769 Georgia Highway 117                      *
Cadwell, GA  31009,                           *
                                              *
    Plaintiff,             *
                                              *
    v.                     *
                                              *      Civil Action No.  1:15-cv-00386
DEPARTMENT OF JUSTICE                         *
950 Pennsylvania Avenue, NW                   *
Washington, DC  20530,                        *
                                              *
    Defendant.             *
                                              *
\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## COMPLAINT

Plaintiff Thomas Sikes brings this action against Defendant Department of Justice pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1.    This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2.    Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3.    Plaintiff Thomas Sikes is a U.S. citizen and is a resident of the State of Georgia.

4.     Defendant Department of Justice ("DOJ") is an agency within the meaning of 5

U.S.C. § 552(e), and is in possession and/or control of the records requested by Plaintiff which

are the subject of this action.

5.     The Executive Office of United States Attorneys ("EOUSA") is a DOJ

component.

## BACKGROUND

6.     Sikes repeats and realleges the allegations contained in all paragraphs set forth

above.

7.     Sikes previously filed a FOIA case in the Southern District of Georgia, captioned

*Sikes v. Department of the Navy*, No. 12-45 (S.D. Ga.).

8.     Sikes was represented in that case by Peter Fischer of Stokes Roberts & Wagner,

ALC (now Stokes Wagner Hunt Maretz & Terrell, ALC).

9.     The Department of the Navy was represented in that case by Assistant United

States Attorney Melissa Mundell of the Office of the United States Attorney for the Southern

District of Georgia in Savannah, GA.

## FIRST CAUSE OF ACTION

## (CONSTRUCTIVE RECORDS DENIAL – FOIA-2014-04298, FOIA-2015-00286, FOIA-2015-00443)

10.     Sikes repeats and realleges the allegations contained in all paragraphs set forth

above.

11.     On  24 September 2014, Sikes submitted to EOUSA—by email to

USAEO.FOIA.Requests@usdoj.gov—a FOIA request for "**all written communications** (by

email, or by U.S.P.S., or otherwise), and all notations made to document oral communications

**from Assistant United States Attorney Melissa S. Mundell or the Office of the U.S. Attorney** in the Southern District of Georgia (Savannah) that were **sent to plaintiff's attorney Peter Fischer or to others at the offices of Stokes Roberts** *et al* **in connection with case number 3:12-cv-00045 (S.D.GA).**"

12.    Sikes also requested "all written communications, including emails, letters, and the like received in the office of the U.S. Attorney, S.D.GA, and all notations made by anyone in that office to document oral communications in connection with case number 3:12-cv-00045 (S.D.GA) (i.e., communications *from* plaintiff's attorneys *to* anyone at the Office of the U.S. Attorney in the Southern District of Georgia) during the time that case was open."

13.    Sikes immediately sent a follow-up email to EOUSA clarifying that he was the plaintiff in *Sikes v. Department of the Navy.*

14.    On 7 October 2014, EOUSA contractor Landis McEachin emailed Sikes a form letter acknowledging receipt of this request and assigning it Request No. FOIA-2014-04298. The form letter stated that EOUSA would not release any records absent express authorization and consent of an unspecified third party, proof that the subject of the request is deceased, or a clear demonstration that the public interest in disclosure outweighs the unspecified third party's personal privacy interest and that significant public benefit would result from the disclosure of the requested records.

15.    On 8 October 2014, Sikes emailed McEachin, expressing confusion at this form letter.  Sikes reiterated that the correspondence in question was between DOJ attorneys and his own counsel and asked for clarification regarding who the third party was whose authorization EOUSA believed he required.

16.     On 24 October 2014, after Sikes had received no response from EOUSA for over two weeks to his 8 October 2014 email, his undersigned counsel emailed McEachin the following message:

> I represent Tom Sikes in this matter.  On 7 October 2014, you sent him a letter saying that the request would be denied as a third party request unless he submitted a privacy waiver for the alleged third parties.  He emailed you the next day explaining that the only parties in the request were employees of the U.S. Attorney's Office and his own attorneys, and that the requested records were about the case in which those attorneys were representing him.  However, you never responded to inform him that you were properly processing this request.
>
> It has now been two weeks since he responded to your letter.  Please let me know the status of this request.  This is not a third-party request, as it is at its core simply a request for records about my client held by the U.S. Attorney's Office.  The only distinction is that it only requests a particular subset of those records.  Hopefully we can resolve this matter without requiring a formal appeal, which will burden all parties unnecessarily.
>
> As a side note, if it was not clear from the request, as a clarification, this is a request for all records documenting written or oral communications between the U.S. Attorney's Office for the S.D. Ga. and Stokes Roberts pertaining to my client's lawsuit, *regardless of which side initiated the correspondence*.  In other words, so there is no confusion, this request encompasses six separate categories of records:
>
> 1) Emails sent from the USAO to Stokes Roberts

4

2) Emails received by the USAO from Stokes Roberts

3) Hard-copy correspondence sent from the USAO to Stokes Roberts

4) Hard-copy correspondence received by the USAO from Stokes Roberts

5) Records (e.g., notes, memos, internal emails, etc.) documenting oral conversations with Stokes Roberts initiated by the USAO

6) Records (e.g., notes, memos, internal emails, etc.) documenting oral conversations with Stokes Roberts initiated by Stokes Roberts

Sikes' counsel copied this email to EOUSA's FOIA Public Liaison Donna Preston.

17.    On 13 November 2014, Preston called Sikes' undersigned counsel to discuss Sikes' request.  She stated that EOUSA required a more detailed authorization form containing additional information about Sikes and instructed him to email the new form to USAEO.FOIA.Requests@usdoj.gov.

18.    On 14 November 2014, Sikes' undersigned counsel emailed the requested form to USAEO.FOIA.Requests@usdoj.gov.

19.    On 21 November 2014, McEachin emailed a second form letter to Sikes' undersigned counsel, which, in addition to assigning a new request number (FOIA-2015-00286) to the request, stated: "Your recent request for records from the Executive Office for United States Attorneys (EOUSA) has been received.  Before the Executive Office can begin processing your request, it is necessary for you to correct one or more deficiencies.  Please comply with the paragraph(s) checked below: . . . A requester must provide a notarized example of his/her signature or a certification of identity under penalty of perjury, and authorization to disclose to others. This insures that information pertaining to an individual is released only to that person.  . . . Once you have corrected the above deficiencies, please submit a new request for the

5

documents.  This is a final determination and your request for information has been closed.

When we have received your new, corrected request, we will open a new file for you."

20.     Upon receiving this letter, Sikes' undersigned counsel immediately emailed

McEachin and Preston, "I don't understand. I emailed your office the required paperwork last

Friday after discussing the matter with Donna Preston.  You have had it for a full seven days.

Why are you asking for it again?"

21.     On 24 November 2014, McEachin emailed Sikes' undersigned counsel and

advised him that the previous letter had been sent in error and that EOUSA had assigned the

request yet a third request number, FOIA-2015-00443.

22.     On 3 December 2014, McEachin emailed a third form letter to Sikes' undersigned

counsel purporting to acknowledge Request No. FOIA-2015-00443, which the letter erroneously

identified as being submitted on 14 November 2014 instead of 24 September 2014.

23.     On 27 January 2015, having receiving no further correspondence from EOUSA,

Sikes' undersigned counsel emailed McEachin and Preston, "I have not heard back from the

EOUSA regarding this request since your 3 December 2014 letter assigning it a third request

number.  Please give me a status update on this request and provide me with an estimated date of

completion pursuant to 5 U.S.C. § 552(a)(7)."

24.     Later that day, an EOUSA representative[1] called Sikes' undersigned counsel and

attempted to explain that EOUSA did not provide estimated dates of completion because of the

alleged difficulties of doing so.  Sikes' undersigned counsel explained that the estimated date of

completion was a statutory requirement and not optional, and the EOUSA representative

continued to refuse the request.  Sikes' undersigned counsel then instructed the EOUSA

representative to issue a written response to the request for an estimated date of completion so that Sikes could file an appeal of EOUSA's refusal with the Office of Information Policy ("OIP"), and the EOUSA representative stated that she would.

25.     As of this writing, EOUSA has sent no further correspondence to Sikes or his undersigned counsel.

26.     As twenty working days have elapsed without a substantive determination by EOUSA, Sikes has exhausted all required administrative remedies.

27.     Sikes has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by EOUSA of said right.

## SECOND CAUSE OF ACTION

## (FAILURE TO COMPLY WITH 5 U.S.C. § 552(a)(7)(B))

28.     Sikes repeats and realleges the allegations contained in all paragraphs set forth above.

29.     Pursuant to 5 U.S.C. § 552(a)(7)(B), "Each agency shall . . . establish a phone line or Internet service that provides information about the status of a request to the person making the request . . . , including . . . an estimated date on which the agency will complete action on the request."

30.     On 27 January 2015, Sikes' undersigned counsel requested an estimated date of completion from EOUSA regarding Sikes' request, explicitly citing 5 U.S.C. § 552(a)(7).  An EOUSA representative subsequently informed him that EOUSA did not provide estimated dates of completion for FOIA requests.

---

[1] Sikes' undersigned counsel unfortunately has no record of the name of this representative.

31.     The statement by the EOUSA representative that EOUSA did not as a matter of practice provide estimated dates of completion for FOIA requests is reinforced by the experience of Sikes' undersigned counsel regarding other requests.

32.     For example, Sikes' undersigned counsel filed a FOIA and Privacy Act request with EOUSA on behalf of two other clients on 31 August 2014.  After EOUSA failed to acknowledge this request for four months, he emailed EOUSA and requested a tracking number and an estimated date of completion for the request on 20 December 2014, copying OIP Chief of Staff Carmen Mallon.  On 5 January 2015, Sean O'Neill (one of OIP's FOIA Public Liaisons) emailed Sikes' undersigned counsel to ask if EOUSA had ever responded, and O'Neill was informed that it had not.  O'Neill then stated that OIP's EOUSA liaison would reach out to EOUSA to address the issue.

33.     A month later, EOUSA sent a letter to Sikes' undersigned counsel acknowledging the request in question and assigning it Request No. FOIA-2015-01123.  This letter did not provide the requested estimated date of completion, instead stating that EOUSA would administratively close the request within thirty days unless the requesters informed EOUSA that they were still interested in the requested records.

34.     Upon information and belief, the EOUSA representative correctly stated on 27 January 2015 that EOUSA has an ongoing policy, practice, or Standard Operating Procedure ("SOP") of refusing to provide estimated dates of completion to FOIA requesters.

35.     A policy, practice, or SOP of refusing to provide estimated dates of completion to requesters is in violation of FOIA.  Such a practice constitutes outrageous conduct for purposes of the broad equitable powers provided by FOIA to the Court.  Such a policy is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

36.     Sikes is therefore entitled to relief in the form of a declaratory order that EOUSA is in violation of its statutory responsibilities under FOIA and an injunction compelling EOUSA pursuant to that statute to provide him with an estimated date of completion for his request.

37.     Longstanding precedent supports the conclusion that EOUSA may not render this issue moot by simple virtue of completing its processing of this request during this litigation, since this problem is a classic example of a legal issue which is capable of repetition yet evading review.  The Court should not allow EOUSA to so openly and flagrantly violate this statutory requirement simply because, as a matter of procedure, it will not consider the matter until after EOUSA has completed its processing of the request.[2]

38.     The Court would also be within its inherent equitable authority to permanently enjoin EOUSA from refusing to provide estimated dates of completion to FOIA requesters upon request, in light of the fact that an EOUSA representative has openly admitted the existence of this unlawful practice but refused to issue a written denial capable of appeal.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Thomas Sikes prays that this Court:

(1)     Order the Department of Justice to provide all responsive records to him in a timely fashion;

(2)     Declare the Executive Office of United States Attorneys' refusal to provide estimated dates of completion to requesters upon request a violation of federal law, and that this violation was intentional and/or willful;

---

[2] Technically, Sikes *could* conceivably forestall a mootness argument by seeking a preliminary injunction on this matter, but such a motion would likely be denied for failure to show irreparable harm.  Accordingly, Sikes is instead making an argument based on the Court's

(3)     Declare and find that any DOJ regulations, guidelines, or policy statements which authorize refusing to provide estimated dates of completion constitute an unreasonable interpretation of the statutory obligations imposed by FOIA;

(4)     Order EOUSA, in the form of injunctive relief, to provide Sikes with an estimated date of completion for his request;

(5)     Order EOUSA, in the form of injunctive relief, to provide estimated dates of completion to requesters upon request, and order DOJ to amend its regulations, guidelines, and policy statements accordingly;

(6)     Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(7)     Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(8)     Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(9)     Grant such other relief as the Court may deem just and proper.

---

inherent equitable authority rather than burdening the Court with a potentially meritless motion for a preliminary injunction.

Date:   March 17, 2015

Respectfully submitted,

Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1200 South Courthouse Road
Suite 124
Arlington, VA  22204
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*